IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LISA PETERSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No.: |
| ) | |
| v. ) | |
| ) | |
| **PARK SPRINGS LLC** ) | **JURY TRIAL DEMAND** |
| Defendants. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII"), and 42 U.S.C. Sec. 1981 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Lisa Peterson (Plaintiff or Peterson), who was adversely affected by such practices. The Plaintiff alleges that Park Springs LLC (Defendant or Park Springs) terminated her employment because of her race -African-American and gender-female, in violation of Title VII and §1981.

## JURISDICTION AND VENUE

1

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §. 2000e-5(f)(l) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

**PARTIES**

3. Plaintiff Lisa Peterson, is an African American female who was employed by Defendant Park Springs. At all times relevant to this Complaint, Plaintiff is a citizen of the United States and a resident of the state of Georgia. At all times relevant to this Complaint, Peterson was an employee of Defendant.

4. Plaintiff submits to the jurisdiction and venue of this Court and is entitled to bring this action under state and federal law for all general, special, and any other permissible damages.

5. Parks Springs is a residential retirement community with over 500 employees. At all relevant times, Defendant has continuously been doing business in the State of Georgia and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), and 42 U.S.C. §1981.

7. The Defendant Park Springs may be served through its registered agent E. Andrew Isakson located at 500 Springhouse Circle, Stone Mountain, Ga 30087.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has satisfied all procedural requirements prior to commencing this action. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Park Springs. Plaintiff, through her attorney, received a right to sue letter on or about February 17, 2021 and files this complaint within ninety (90) days receipt thereof (**Exhibit 1**).

## CAUSE OF ACTION

9. Lisa Peterson is an African-American female.

10. On April 2, 2017, Park Springs hired Lisa Peterson as the Director of Nursing.

11. At the time of her hire, Lisa Peterson was the only African-American female to hold a Director-level position.

12. As the Director of Nursing, Charging Party Peterson was managed by Mark McKettrick, a white male.

13. Later Starla Gleaton, a white female, became Plaintiff's manager.

14. Tim Knight, one of Peterson's co-workers, is a white male.

15. During Peterson's employment she was not warned that her performance could cause her to lose her job.

16. Instead, on December 17, 2018, Peterson was thanked for her leadership.

17. Peterson's 2018 annual evaluation was her last evaluation prior to her termination.

18. In her 2018 annual evaluation, Peterson received a total supervisor score of 96%.

19. In her 2018 annual evaluation, Peterson was scored as "highly effective" in the majority of the performance factors.

20. Donna Moore, a white female, was the Vice President of Operations for Park Springs.

21. On March 14, 2019, Donna Moore, the VP of Operations, emailed Peterson requesting to meet with her.

22. On March 14, 2019, when Peterson arrived to the meeting, in attendance was Donna Moore and Ginger Hansborough, the Accounting Director.

23. No one from the Human Resource Department was in attendance at this March 14, 2019 meeting.

24. No one from the Human Resource Department had been informed that Peterson's employment would be terminated during this March 14, 2019 meeting.

25. During the March 14, 2019 meeting, Donna Moore told Peterson that she did not fit Park Springs's culture.

26. During meeting, Donna Moore only reason given for Peterson's employment termination was "Culture Change."

27. During the meeting, Peterson asked Donna Moore what did she mean by "culture change."

28. During the meeting, Donna Moore did not provide a response to Peterson's question asking her to explain what she meant by culture change.

29. During the March 14, 2019, Donna Moore did not informed Peterson of any performance issues that caused her employment termination.

30. On March 14, 2019, Park Springs terminated Peterson's employment.

31. In its separation notice, Park Springs stated the reason for Lisa Peterson's termination was "culture change."

32. Prior to her employment termination, Peterson was not counseled about her work performance.

33. Prior to March 14, 2019, Lisa Peterson's employment termination had not been approved by Human Resources.

34. Prior to March 14, 2019, Lisa Peterson's employment termination had not been approved by the Executive Director.

35. After Peterson's termination, the Nursing Supervisor, a white male served as interim Director of Nursing.

36. After Peterson's termination, Tim Knight assumed some of Peterson's Director of Nursing duties.

37. June 04, 2019, Park Springs received Peterson's *Litigation Hold and Demand for Preservation.*

38. June 04, 2019, Park Springs received notice that Peterson was asserting claims of unlawful discrimination because of her termination from the Director of Nursing position.

39. Teisha Roberts was hired as Director of Nursing after June 4, 2019.

40. Park Springs terminated Teisha Roberts' employment.

41. Teisha Roberts had worked less than 12 months when Park Springs terminated her employment.

## COUNT I
## VIOLATIONS OF TITLE VII -RACE DISCRIMINATION

42. Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

43. Based on the facts incorporated to support this Count, Park Springs deprived Plaintiff of equal employment opportunities and her right to be free of racial and discrimination.

44. Park Springs's unlawful employment practices were intentional and was motivated by race, at least in part, if not in whole.

45. Consequently, Plaintiff is entitled all permissible damages under law.

## COUNT II
## VIOLATIONS OF TITLE VII -GENDER DISCRIMINATION

46. Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

47. Based on the facts incorporated to support this Count, Park Springs deprived Plaintiff of equal employment opportunities and her right to be free of gender discrimination.

48. Park Springs's unlawful employment practices were intentional and was motivated by sex, at least in part, if not in whole.

49. Consequently, Plaintiff is entitled all permissible damages under law.

## COUNT III
## VIOLATIONS OF 42 U.S.C. §1981

50. Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

51. Based on the facts incorporated to support this Count, Park Springs deprived Plaintiff of equal employment opportunities and her right to be free of racial discrimination in her employment relationship with Park Springs.

52. Park Springs's unlawful employment practices were intentional.

53. Park Springs terminated Plaintiff's employment because of her race.

54. Consequently, Plaintiff is entitled to all permissible damages under law.

## COUNT IV
## PUNITIVE DAMAGES

55. Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

56. Defendant's actions with respect to Plaintiff have shown willful misconduct, malic, fraud, wantonness, oppression, and complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish, and penalize Defendant for and from such conduct in the future.

## COUNT V
## ATTORNEY FEES AND COSTS

57. Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

58. Plaintiff is entitled to an award of attorney's fees and expenses of litigation because Defendant has acted in bad faith, has been

stubbornly litigious and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race or sex.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Plaintiff whole, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the

effects of its unlawful employment practices.

E. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F. Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G. Grant to Plaintiff his reasonable attorneys' fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as ); and

H. Order Defendant to pay Plaintiff punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted this 12th day of May, 2021.

/s/ Tamika Sykes
Tamika Sykes
Attorney for Plaintiff
Georgia Bar No. 141617
tamikasykes@sykeslawllc.com



Sykes Law LLC

1700 Northside Dr.
Suite #A7-532
Atlanta, GA 30318
(404) 870-8410-Office
(404) 870-8411-Fax
www.sykeslawllc.com