IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA PETERSON,

   Plaintiff,

v.

PARK SPRINGS LLC,

   Defendant.

CIVIL ACTION FILE

NO. 1:21-cv-02028-LMM-AJB

**O R D E R**

This matter is presently before the Court on a motion to withdraw as counsel for Plaintiff, filed by attorney Tamika C. Sykes, [Doc. 5]. For the reasons set forth below, the motion is **GRANTED**.

**I.   MOTION TO WITHDRAW**

In general, counsel for an individual plaintiff may withdraw from a civil action by filing a motion to withdraw. LR 83.1(E)(2), NDGa. Unless the withdrawal is with the client's consent, the motion must state that the attorney has given the client fourteen days' notice of the attorney's intention to request permission to withdraw as counsel; describe the manner in which the notice was provided; and include a copy of the notice. LR 83.1(E)(2)(a)-(c), NDGa. The

provided notice must be served on the client personally or at the client's last known address and must include the style of the action and the names, addresses, and telephone numbers of the clerk and opposing counsel. LR 83.1(E)(2)(b), NDGa. The notice must also advise the client that the attorney intends to request permission to withdraw; that the Court retains jurisdiction over the action; that the client must keep the Court informed of a location where notices, pleadings, or other papers may be served; where a trial date has been set, that the client is obligated to prepare for trial or hire other counsel to prepare for trial; that failure or refusal to satisfy court-related obligations could result in adverse consequences; where any proceedings have been scheduled, the dates of those proceedings, and notice that the dates will not be affected by the withdrawal of counsel; that notices may be served on the client at the client's last known address; and that the client has the right to object to the withdrawal within fourteen days of the date when the notice of the attorney's intention to request permission to withdraw was served. *Id*.

Having reviewed the motion to withdraw as counsel and the notice filed in conjunction with the motion, the Court finds that it complies with Local Rule 83.1(E). Because the pretrial order has not been submitted and trial has not yet been set, it also does not appear that withdrawal of counsel will delay trial of the case. LR 83.1(E)(1), NDGa. The Court therefore **GRANTS** Plaintiff's

attorney's motion to withdraw, [Doc. 5].  As a result, Plaintiff's attorney, Tamika C. Sykes, is **TERMINATED** from this case.

The Clerk is **DIRECTED** to serve this Order **DIRECTLY** upon Plaintiff by mailing a copy of this Order to her via certified mail at 2023 Ewing Estates Drive, Dacula, Georgia 30019.  The Court further **ORDERS** Plaintiff's former counsel, Tamika C. Sykes, to serve this Order **DIRECTLY** upon Plaintiff by mailing a copy of this Order to her via first class mail at Plaintiff's last known address.

## II.     PLAINTIFF'S IMMEDIATE RESPONSIBILITIES

The Court further **ORDERS** that if Plaintiff wishes to obtain new counsel, that new counsel must enter a notice of appearance on or before **Friday, September 24, 2021, at 4:00 p.m.**  Because Plaintiff was made aware of her counsel's need to withdraw on July 29, 2021, **NO** extensions will be granted. [*See* Doc. 5 at 1].

Unless Plaintiff files a notice of change of address or telephone number, the Court will presume that the contact information provided in motion to withdraw and notice of intent to withdraw, [Doc. 5 at 2, 6], is correct and current.  If Plaintiff does not obtain new counsel and instead chooses to represent herself, she must at all times keep the Clerk and opposing counsel advised of her address and telephone number, and failure to do so may result in dismissal of this action.

The Court also reminds Plaintiff that the deadline for effecting service of process has been extended through September 24, 2021. [Doc. 4]. Plaintiff is **ADVISED** to proceed diligently, as it is unlikely that the Court will further extend the service deadline.

### III.  CONCLUSION

The motion to withdraw, [Doc. 5], is **GRANTED**. The Clerk is **DIRECTED** to terminate Plaintiff's attorney, Tamika C. Sykes, from the case. The Clerk and Ms. Sykes are **DIRECTED** to serve a copy of this Order on Plaintiff as set forth above in Part I. If Plaintiff wishes to obtain new counsel, that new counsel must enter a notice of appearance on or before **Friday, September 24, 2021, at 4:00 p.m.** The deadline for serving process upon Defendant is also extended through **September 24, 2021**, and proof of service of process must be filed promptly thereafter.

**IT IS SO ORDERED AND DIRECTED**, this 1st day of September, 2021.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE